```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION

SHAWN WIGGINS,

       Plaintiff,

v.                             Case No:  2:21-cv-596-JES-MRM

WILLIAM PRUMMELL, NORMAN
WILSON, AND CHARLOTTE
COUNTY COMMISSIONERS,

       Defendants.
_____
```

## OPINION AND ORDER

This matter comes before the Court on review of Defendant Major Norman Wilson's (Wilson) Amended Motion to Dismiss (Doc. #7), Defendant Sheriff William Prummell's (Prummell or Sheriff) Motion to Dismiss (Doc. #8), and Defendant Charlotte County Commissioners' (Charlotte County) (collectively, Defendants) Motion to Dismiss (Doc. #13). Plaintiff Shawn Wiggins (Plaintiff or Wiggins) has not timely responded. For the reasons set forth, the motions are granted in part and the case is dismissed without prejudice.

## I.

Wiggins, proceeding pro se, alleges that Defendants unlawfully took his property when he was initially booked in the Charlotte County Jail, and placed his property totaling $34.00 in an inmate bank account. (Doc. #4, p. 4.) He alleges that, in

violation of state and federal law, Defendants then charged him an initial booking fee and a daily fee, deducting those fees without his permission from the inmate bank account. (Id.) Wiggins specifically alleges that Wilson had the authority to waive these fees for those with indigent status, that Wiggins requested his fees be waived, and that Wilson biasedly denied his requests. (Id.)

The Complaint asserts five causes of action related to these fees against Defendants: (1) violation of Article 1, Section 19 of the Florida Constitution; (2) violation of Florida Statute § 951.243 and/or § 951.033; (3) unlawful and abusive collection practices; (4) depriving him of property without due process of law in violation of the Fourteenth Amendment; and (5) "Florida Little RICO of Human Trafficking for profit from a criminal offense." (Id.) Wiggins' Complaint also seeks relief on behalf of himself and a class of similarly situated people. (Id.)

Wiggins originally filed his action in state court on July 12, 2021. (Doc. #1-1.) On August 11, 2021, Wilson and Prummell, with the consent of Charlotte County, removed the action to this Court based on federal question and supplemental jurisdiction. (Doc. #1). All defendants then filed their motions to dismiss. (Docs. ## 7, 8, 13.) Wiggins did not timely respond to those motions. The Court extended the response date twice, in part due to an administrative error, directed Wiggins to respond by October

12, 2021, and advised him that, if no response was filed, the Court would rule on the motions without further notice or the benefit of any responses. (Docs. ## 22, 23.) The extension of time has now passed, and the motions are ripe for review.[1]

## II.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court accepts all factual allegations in a complaint as true and takes

---

[1] Wiggins was provided ample opportunity to respond. His failure to respond would allow the Court to treat Defendants' motions as unopposed. M.D. Fla. R. 3.01(c). However, given the procedural history of this case and Wiggins' pro se status, the Court reviews the merits of Defendants' motions.

them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

Pro se pleadings are held to a less stringent standard than one drafted by an attorney and are liberally construed. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Nevertheless, "a pro se pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Id. In other words, pro se status will not salvage a complaint devoid of facts supporting the plaintiff's claims.

**III.**

**A.   Federal Claim (Count IV)**

The Court first addresses Count IV, Wiggins' sole federal claim.  In this claim, Wiggins argues that, after he was booked and his property put in an inmate bank account, Defendants unlawfully deducted amounts from his account without providing him due process of law and wrongfully took $32.15.  (Doc. #4, p. 4.) All Defendants move to dismiss this claim for failure to state a claim.  (Doc. #7, p. 4; Doc. #8, p. 4; Doc. #13, p. 3.)

A plaintiff alleging a denial of procedural due process must plead three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003).  "If the plaintiff does not allege a constitutionally inadequate process, the complaint fails to state a claim and should be dismissed." Watkins v. Israel, 661 F. App'x 608, 609 (11th Cir. 2016) (citation omitted).

The first two elements here are met; Wiggins has a constitutionally protected property interest in his bank account and the state deducted monies from that account. Id.  Thus, the Court considers whether the state's action satisfies due process:

> To determine whether a state action met due process requirements, we conduct a three-factor balancing test which considers: "(1) the private interest…affected by the official action;" "(2) the risk of an erroneous

5

>   deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards;" and "(3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

Id. at 610 (quoting Mathews v. Eldridge, 424 U.S. 319, 335 (1976)). The Constitution usually requires a pre-deprivation hearing; however, "[w]hen pre-deprivation hearings are not feasible, the state can satisfy due process by providing adequate post-deprivation remedies…capable of fully compensating the deprived individual." Id. (citations omitted).

This case is nearly identical to Watkins, supra. In Watkins, a Florida inmate alleged that the jail confiscated his property upon arrest, placed his property in an inmate bank account, deducted fees without providing any prior opportunity to refuse, and wrongfully took $64.45. 661 Fed. App'x at 609. The inmate then challenged the fees and participated in a post-deprivation grievance process. Id. at 610. The Eleventh Circuit agreed that the Mathews factors weighed in favor of the government and affirmed dismissal of the inmate's due process claim. Id. at 610-11. First, the "inmate ha[d] only a limited property right in his inmate banking account" and small deductions from the bank account were a "minimal incursion on a limited property interest." Id. Second, the jail's policy of deducting these small amounts was "a

6

ministerial matter which pose[d] little risk of erroneous deprivation." Id. at 610 (citing Reams v. Irvin, 561 F.3d 1258, 1264 (11th Cir. 2009)). See also Fla. Stat. § 951.033 (authorizing the assessment of certain costs against prisoners). Third, the government had a significant "interest in sharing costs with inmates," which would be "undermined by requiring pre-deprivation hearings." Id. (citing United States v. Wattleton, 296 F.3d 1184, 1200 (11th Cir. 2002)). Finally, the government's post-deprivation process, of which the inmate took advantage, could fully compensate the inmate and satisfied due process. Id. (citations omitted).

The same reasoning applies in this case. Wiggins was deprived of $32.15 for an initial booking fee and daily board, which was a minimal incursion on a limited property interest with little risk of erroneous deprivation. Although Wiggins was not afforded a pre-deprivation hearing, he had a post-deprivation process to challenge these fees. Based on the allegations in the Complaint, he engaged in that process by challenging the fees and seeking waiver. Accordingly, the Mathews factors weigh in favor of Defendants, Wiggins has not alleged a constitutionally inadequate process, and Wiggins' federal claim must be dismissed without prejudice.[2]

---

[2] Wiggins' attempt to assert this claim on behalf of a class is also inappropriate because while an individual may proceed pro

7

**B.    State Law Claims (Count I, II, III, V)**

The Court need not consider any other arguments presented by the parties as to dismissal of the state law claims.  Even assuming these are properly pled, pursuant to 28 U.S.C. § 1367(c)(3), the Court will exercise its discretion and decline to exercise supplemental jurisdiction over the state claims.  Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004) (encouraging district courts to dismiss state claims where all claims which provided original jurisdiction have been dismissed).[3]

**ORDERED:**

1. Defendants' Motions to Dismiss the complaint (Docs. ## 7, 8, 13) are **GRANTED** to the extent that Count IV is dismissed without prejudice for failure to state a claim.  Counts I, II, III, and V are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

2. The Clerk shall enter judgment accordingly, terminate all deadlines, and close this case.

---

se, that right "does not extend to the representation of the interests of others." Bass v. Benton, 408 F. App'x 298 (11th Cir. 2011) (citations omitted).

[3] Based on the allegations in the complaint and the notice of removal, all parties are Florida residents.  Diversity jurisdiction cannot be invoked.

**DONE and ORDERED** at Fort Myers, Florida, this __14th__ day of October, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
Plaintiff, 22370 Hernando Avenue, Port Charlotte, FL 33952

9